# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. CR-12-288-R |
| | ) | CIV-16-574-R |
| ANTHONY GONZALES, | ) | |
| Defendant. | ) | |

## ORDER

Defendant Anthony Gonzales pled guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). In his Plea Agreement, Defendant indicated he understood that he had the right to appeal his judgment and sentence, and that in exchange for promises and concessions by the United States, he was knowingly and voluntarily waiving that right. His plea agreement stated, in part, that he was waiving the right to "[a]ppeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or other pretrial dispositions of motions and issues. . . ." Plea Agreement, ¶ 8(a). The agreement further specified that he was waiving his right to appeal or collaterally challenge any sentence imposed within or under the advisory guideline range. *Id.* at ¶ 8(b). At his December 27, 2012 hearing to change his plea from "not guilty" to "guilty," Defendant acknowledged that he was foregoing the right to appeal, with limited exception.

Despite his waiver, Defendant now seeks to challenge the 120-month sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015), wherein the Supreme Court held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. Defendant contends that pursuant to *Johnson* his sentence, which was enhanced pursuant to Section 4B1.1 of the sentencing guidelines rather than the Armed Career Criminal Act, cannot stand, because his prior convictions for assault and battery and first degree burglary should no longer be considered a crime of violence for purposes of enhancing his sentence.[1] The United States filed a Motion to Enforce the Collateral Attack Waiver, or Alternatively, Motion to Dismiss (Doc. No. 294), to which no objection has been filed. The Court hereby GRANTS the Motion of the United States, and as a result DENIES Mr. Gonzales' § 2255 motion.

According to the Government, Defendant knowingly and voluntarily waived his right to challenge his sentence collaterally via § 2255, as set forth in the plea agreement. The Government further contends that even if Defendant did not waive his rights, his claim lacks merit as *Johnson* is inapplicable given that burglary is an enumerated offense and therefore the Court did not rely on the residual clause.

The Tenth Circuit, in *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), held that "a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and waiver were knowingly and voluntarily made." However, the enforcement of an

---

[1] Defendant's sentence was enhanced pursuant to § 4B1.1 of the Sentencing Guidelines. He raises an additional non-*Johnson* issue regarding his sentence. The Court's Order applies to each of the claims raised in the Motion.

appellate or collateral review waiver is subject to exception where a miscarriage of justice would occur. *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004). The Tenth Circuit has identified four situations where a miscarriage might occur:

> [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.

*Id.* (internal quotation marks omitted). With regard to the fourth situation, error making the waiver unlawful, the error must "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1329.

First, upon consideration of the language of the plea agreement and the Rule 11 plea colloquy that Defendant's waiver was both knowing and voluntary. Additionally, because Defendant did not respond to the motion, there are no allegations regarding any of the four exceptions set forth in *Hahn*. There are no allegations that the Court relied upon race or that counsel was ineffective with regard to negotiation of the waiver. Furthermore, Defendant's sentence did not exceed the statutory maximum. Finally, the Court concludes that the waiver was not otherwise unlawful.

The Tenth Circuit recently considered the "otherwise unlawful" exception in *United States v. Frazier-LaFear*, --- Fed.Appx. ---, 2016 WL 7240134 (10th Cir. Dec. 15, 2016). The court emphasized that "'[t]his exception looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error.'" *Id.* at *2 (quoting *United States v. Polly*, 630 F.3d 991 (10th Cir. 2011)(quoting *United*

*States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007) (internal quotation marks omitted)).

In concluding that a change in the law does not alter the analysis, the Tenth Circuit stated:

> The essence of plea agreements ... is that they represent a bargained-for understanding between the government and criminal defendants in which each side foregoes [sic] certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters. One such risk is a favorable change in the law. To allow defendants or the government to routinely invalidate plea agreements based on subsequent changes in the law would decrease the prospects of reaching an agreement in the first place, an undesirable outcome given the importance of plea bargaining to the criminal justice system.

*Id.* (quoting United *States v. Porter*, 405 F.3d 1136, 1145 (10th Cir. 2005).

Additionally, the waiver can be applied to error of constitutional magnitude. *Id.* (citations omitted). The Court finds here, as in *Frazier-LeFear*, that there are no grounds for holding that the waiver of rights executed by Defendant in this case was unlawful. "The fact that [his] relinquishment of [the right to attack his sentence] results in the lost opportunity to raise a constitutional challenge under *Johnson* reflects the natural operation, not the invalidity, of the waiver." *Id.* at 4. Although *Frazier-LeFear* is unpublished, and therefor merely persuasive, the Court finds the concluding paragraph predictive of this issue before the entire Tenth Circuit:

> Our precedent directs that appeal/collateral review waivers are enforceable (1) with respect to claims of error that do not render the waiver itself unlawful, even if the alleged error (2) arises out of a subsequent change in law and (3) is of a constitutional dimension. Unless and until this court disavows one of these basic premises, waivers of the sort at issue in this case must be enforced when timely raised by the government

*Id.* at *5.

Accordingly, for the reasons set forth herein, the United States' Motion to Enforce (Doc. No. 294) is hereby GRANTED. The Motion to Vacate (Doc. No. 290) is hereby DENIED.

**IT IS SO ORDERED** this 27th day of February, 2017.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE